IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHANNON LEE STARR, | ) | No. C 12-4400 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | WITH LEAVE TO AMEND; |
| v. | ) | DENYING MOTION FOR |
| | ) | APPOINTMENT OF |
| ALAMEDA COUNTY JAIL, | ) | COUNSEL |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Plaintiff, a California state prisoner, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**DISCUSSION**

A.    Standard of Review

     A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

1 Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4 the alleged deprivation was committed by a person acting under the color of state law. West v.
5 Atkins, 487 U.S. 42, 48 (1988).

6 B.    Plaintiff's Claims

7     In his complaint, plaintiff claims, inter alia, that his pain medications to treat his severe
8 chronic pain have been discontinued; his pain medication to treat his dental issues are not being
9 dispensed; his dental issues are not being addressed; his kidney and heart problems are not being
10 properly treated; his prostate has not been checked, despite plaintiff's repeated requests; and he
11 was retaliated against for filing grievances.

12     Plaintiff names the Alameda County Jail as the only defendant. While local governments
13 are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes
14 a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978), a city or
15 county may not be held vicariously liable for the unconstitutional acts of its employees under the
16 theory of respondeat superior, see Board of Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S.
17 397, 403 (1997); Monell, 436 U.S. at 691. To impose municipal liability under § 1983 for a
18 violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a
19 constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3)
20 that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4)
21 that the policy is the moving force behind the constitutional violation. See Plumeau v. School
22 Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). Here, plaintiff has not alleged
23 that the jail had any such policy, nor has he alleged any facts that would support that the jail had
24 any such policy. Thus, Alameda County Jail is DISMISSED with leave to amend should
25 plaintiff be able to support his claim against this defendant in good faith.

26     Further, plaintiff has failed to identify any individual defendants by name. The use of
27 "John Doe" to identify a defendant is not favored in the Ninth Circuit. See Gillespie v. Civiletti,
28 629 F.2d 637, 642 (9th Cir. 1980). Still, situations may arise where the identity of alleged

defendants cannot be known prior to the filing of a complaint. In such circumstances, the Ninth Circuit has made clear that the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See id. However, this case is not like Gillespie, where the plaintiff could serve such discovery requests on the defendants he had named, in order to seek the identifies of the unidentified defendants. Here, there are no named defendants for the plaintiff to seek such discovery from.

     Because there is the possibility that plaintiff can discover the identity of an unnamed defendant, even without propounding discovery requests to an opposing party, plaintiff will be granted leave to amend. In his amended complaint, plaintiff must specifically identify what each named defendant did or did not do in order to state a claim with regard to each separate claim. Plaintiff will be granted leave to amend to allege specifics. In his amended complaint, he must establish legal liability of each person for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer, 844 F.2d at 634.

     Further, the complaint has several claims that do not appear to be properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the

1  same transaction, occurrence, or series of transactions or occurrences and if any question of law
2  or fact common to all defendants will arise in the action." Plaintiff's claims range from
3  allegations of deliberate indifference to serious medical needs to retaliation. The claims
4  presumably are suing different defendants. In his amended complaint, plaintiff may only allege
5  claims that (a) arise out of the same transaction, occurrence, or series of transactions or
6  occurrences and (b) present questions of law or fact common to all defendants named therein.
7  The bottom line is that plaintiff cannot complain in his amended complaint about unrelated
8  incidents during his imprisonment against unrelated defendants. He must choose what claims he
9  wants to pursue that meet the joinder requirements; if he asserts improperly joined claims or
10 defendants in his amended complaint, they will be dismissed.

11      Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND.

12 C.   Motion for Appointment of Counsel

13      Plaintiff's motion for appointment of counsel is DENIED for want of exceptional
14 circumstances. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); see also Lassiter v.
15 Dep't of Social Services, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a
16 civil case). The court has dismissed plaintiff's complaint with leave to amend, and has not been
17 able to determine if he can allege a cognizable claim for relief. This denial is without prejudice
18 to the court's sua sponte appointment of counsel at a future date should the circumstances of this
19 case warrant such appointment.

20                              **CONCLUSION**

21      For the foregoing reasons, the court hereby orders as follows:

22      1.   Alameda County Jail is DISMISSED with leave to amend. Plaintiff's complaint
23 is DISMISSED with leave to amend.

24      2.   If plaintiff can cure the pleading deficiencies described above, he shall file an
25 AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended
26 complaint must include the caption and civil case number used in this order (C 12-4400 RMW
27 (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate
28 material from the prior complaint by reference. If plaintiff files an amended complaint, he must

1  allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to
2  relief under the applicable federal statutes.  **Failure to file an amended complaint within thirty**
3  **days and in accordance with this order will result in a finding that further leave to amend**
4  **would be futile and this action will be dismissed.**

5     3.   Plaintiff is advised that an amended complaint supersedes the original complaint.
6  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
7  in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
8  Defendants not named in an amended complaint are no longer defendants. See Ferdik v.
9  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

10    4.   It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
11  court informed of any change of address by filing a separate paper with the clerk headed "Notice
12  of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to
13  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
14  of Civil Procedure 41(b).

15     IT IS SO ORDERED.
16  DATED: FFDICDFG              *Ronald M. Whyte*
17                               RONALD M. WHYTE
                                 United States District Judge

Order of Dismissal with Leave to Amend; Denying Motion for Appointment of Counsel
G:\PRO-SE\SJ.Rmw\CR.12\Starr400dwla.wpd         5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SHANNON LEE STARR,

        Plaintiff,

  v.

ALAMEDA COUNTY JAIL et al,

        Defendant.

Case Number: CV12-04400 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 3, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shannon Lee Starr ALJ-123/8-A-1
Alameda County Santa Rita Jail
5325 Broder Boulevard
Dublin, CA 94568

Dated: December 3, 2012

                Richard W. Wieking, Clerk
                By: Jackie Lynn Garcia, Deputy Clerk