IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHANNON LEE STARR, | ) | No. C 12-4400 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF PARTIAL DISMISSAL; |
| | ) | ORDER OF SERVICE; DIRECTING |
| v. | ) | DEFENDANTS TO FILE |
| | ) | DISPOSITIVE MOTION OR |
| ALAMEDA COUNTY JAIL, et al., | ) | NOTICE REGARDING SUCH |
| | ) | MOTION |
| Defendants. | ) | |
| | ) | |

Plaintiff, a detainee pending involuntary civil commitment, proceeding pro se, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons that follow, the court dismisses some defendants and orders service upon the remaining defendants.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claims

In his second amended complaint, plaintiff raises claims of punishment, in violation of the Fourteenth Amendment; retaliation; a violation of the right to free exercise of religion; a violation of the Americans with Disabilities Act and Rehabilitation Act; and state law claims. Plaintiff names 33 defendants as well as 50 John Doe defendants.

In the court's previous order dismissing plaintiff's complaint with leave to amend, the court advised plaintiff that, inter alia, the complaint appeared to include several misjoined defendants and claims. The court also warned plaintiff that his claims would have to be properly joined under Federal Rules of Civil Procedure 18 and 20, lest his improper claims and/or defendants would be dismissed.

Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may join any persons as defendants if: (1) any right to relief asserted against the defendants relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least one question of law or fact common to all the defendants. Fed. R. Civ. P. 20(a); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). Once a defendant is properly joined under Rule 20, the plaintiff may join, as independent or alternative claims, as many claims as he has against that defendant, irrespective of whether those additional claims also satisfy Rule 20. See Fed. R. Civ. P. 18(a); Intercon Research Assoc., Ltd. v. Dresser Indus. Inc., 696 F.2d 53, 57 (7th Cir. 1982) ("[J]oinder of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties has been met with respect to the party against whom the claim is sought to be asserted; the threshold question, then, is whether joinder of [a defendant] as a party was proper under Rule 20(a).").

The "same transaction" requirement in Rule 20 refers to "similarity in the factual background of a claim; claims that arise out of a systematic pattern of events" and have a "very

definite logical relationship" arise out of the same transaction and occurrence. Bautista v. Los Angeles County, 216 F.3d 837, 842-843 (9th Cir. 2000) (Reinhardt, J., concurring) (quoting Coughlin, 130 F.3d at 1350 and Union Paving Co. v. Downer Corp., 276 F.2d 468, 470 (9th Cir. 1960)). In addition, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact." Coughlin, 130 F.3d at 1351. Claims "involv[ing] different legal issues, standards, and procedures" do not involve common factual or legal questions. Id.

In plaintiff's second amended complaint, plaintiff's claims appear to involve separate incidents and distinct sets of defendants. For example, in plaintiff's Fourteenth Amendment claim, plaintiff alleges that defendants Alameda County and Sheriff Gregory J. Ahern promulgated a policy or practice of refusing to provide proper medical care to inmates, and defendants Dr. Orr; Dr Michael Pompey; Dr. Chaplain Liu; Dr. Barber, DDS; Dr. Chan, MD; Dr. Gabaron, MD; Dr. Elizabeth Mastroianni, MD; Dr. Lane Melgarejo, MD; and Dr. Newell, MD violated his right to be free from punishment. In plaintiff's retaliation claim, plaintiff alleges that a different set of defendants, including Alameda County and Sheriff Gregory J. Ahern, violated plaintiff's First Amendment right to be free from retaliation. In this retaliation claim, plaintiff sets forth events that are separate and distinct from each other and do not appear to have a definite logical relationship with the defendants listed in plaintiff's deliberate indifference claim. Plaintiff has the same problem with defendants listed in both his free exercise claim and Americans with Disabilities Act and Rehabilitation Act.

Unrelated claims that involve different defendants must be brought in separate lawsuits. See George, 507 F.3d at 607. This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). The court finds that plaintiff's second amended complaint violates Rule 20(a). Dismissal of the entire action is not necessary, however, as the improper joinder problem can be solved by dismissing the improperly joined parties. *See* Fed. R. Civ. P. 21. Plaintiff's deliberate indifference claim names Alameda County, Sheriff Ahern, Dr. Michael

Pompey; Dr. Orr; Dr. Chaplain Liu; Dr. Barber, DDS; Dr. Chan, MD; Dr. Gabaron, MD; Dr. Elizabeth Mastroianni, MD; Dr. Lane Melgarejo, MD; and Dr. Newell, MD. They are properly joined under Rule 20(a). To remedy the misjoined parties, the court will dismiss the remaining claims and defendants. See Fed. R. Civ. P. 21 (misjoined parties may be dropped by the court on its own initiative at any state of the action). The dismissal will be without prejudice to plaintiff filing a new and separate lawsuit raising the dismissed claims.

The court also dismisses defendant Dr. Chaplain Liu. Plaintiff's only allegation against Dr. Liu is that when plaintiff saw Dr. Liu, Dr. Liu increased plaintiff's blood pressure medication and, in February 2013, informed plaintiff that plaintiff would have to be on dialysis and/or need a kidney transplant in approximately one year. This is not sufficient to state a cognizable claim against Dr. Liu. Accordingly, Dr. Liu is DISMISSED without prejudice.

Liberally construed, the court finds that plaintiff, a pretrial detainee awaiting civil commitment proceedings, has stated a cognizable claim that Alameda County, Sheriff Ahern, Dr. Michael Pompey; Dr. Orr; Dr. Barber, DDS; Dr. Chan, MD; Dr. Gabaron, MD; Dr. Elizabeth Mastroianni, MD; Dr. Lane Melgarejo, MD; and Dr. Newell, MD violated plaintiff's Fourteenth Amendment right to due process.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint and all attachments thereto (docket no. 22), and a copy of this order to **Alameda County, Sheriff Ahern, Dr. Michael Pompey; Dr. Orr; Dr. Barber, DDS; Dr. Chan, MD; Dr. Gabaron, MD; Dr. Elizabeth Mastroianni, MD; Dr. Lane Melgarejo, MD; and Dr. Newell, MD** at **Alameda County** and the **Santa Rita County Jail.**

The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to **County Counsel of Alameda County** at 1221 Oak Street, Suite 450, Oakland CA 94612. Additionally, the clerk shall mail a copy of this order to plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause is shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

      3.      No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

          a.      If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

          b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

      4.      Plaintiff's opposition to the dispositive motion shall be filed with the court and

1 served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is
2 filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex</u>
3 <u>Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come
4 forward with evidence showing triable issues of material fact on every essential element of his
5 claim).

6      5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's
7 opposition is filed.

8      6. The motion shall be deemed submitted as of the date the reply brief is due. No
9 hearing will be held on the motion unless the court so orders at a later date.

10      7. All communications by the plaintiff with the court must be served on defendants
11 or defendants' counsel, by mailing a true copy of the document to defendants or defendants'
12 counsel.

13      8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
14 No further court order is required before the parties may conduct discovery.

15      9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
16 and all parties informed of any change of address and must comply with the court's orders in a
17 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
18 pursuant to Federal Rule of Civil Procedure 41(b).

19      IT IS SO ORDERED.
20 DATED: _____

                                                  RONALD M. WHYTE
21                                                   United States District Judge

22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SHANNON LEE STARR,

        Plaintiff,

  v.

ALAMEDA COUNTY JAIL et al,

        Defendant.

Case Number: CV12-04400 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 23, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shannon Lee Starr ALJ 123/1-A-1
Alameda County Santa Rita Jail
5325 Broder Boulevard
Dublin, CA 94568

Dated: October 23, 2013

                Richard W. Wieking, Clerk
                By: Jackie Lynn Garcia, Deputy Clerk