IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON LEE STARR,<br><br>    Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY JAIL, et al.,<br><br>    Defendant.<br>_____/ | No. C 12-4400 RMW (PR)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; MOTION FOR RECONSIDERATION<br><br>(Docket No. 33) |

Plaintiff, proceeding pro se, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 22.) The court screened the complaint, dismissed misjoined claims and defendants and issued an order of service directing defendants to file an answer or dispositive motion. (Docket No. 28.) Defendants' response or dispositive motion is due March 31, 2014. Plaintiff has filed a motion requesting counsel and requesting that the claims dismissed by the court be rejoined. (Docket No. 49.)

Plaintiff's request for counsel is **DENIED** for want of exceptional circumstances. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); see also Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). Appointment of counsel for a pro se prisoner is not required even for trial and even if the prisoner's ability to prepare has been limited. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (upholding denial of appointment of counsel at trial, despite fact that plaintiff's ability to prepare for trial limited by pain from surgery and prison officials' denial of access to legal documents).

1     The court construes plaintiff's request to rejoin dismissed claims as a motion for reconsideration. Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Plaintiff asserts that he does not understand why his ADA claims and his retaliation claims "are not connected when they all stem from the same events on 5/29/09" which was "the first day plaintiff was placed in custody of the Alameda County jail." (Docket No. 33.) Plaintiff details how the events of May 29, 2009, led to a variety of other alleged violations occurring over time, all of which he claims has a "logical relationship." (Id.) Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may join any persons as defendants if: (1) any right to relief asserted against the defendants relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least one question of law or fact common to all the defendants. Fed. R. Civ. P. 20(a). The court's joinder rules require more than a common factor, in this case a starting date. This court properly dismissed misjoined claims because they involved separate incidents and distinct sets of defendants. Plaintiff's explanation that all his claims against the various defendants all relate to the day he was placed in defendants' custody does not meet any of the necessary requirements for reconsideration. Plaintiff's motion for reconsideration is **DENIED**.

    This order terminates docket number 33.

    IT IS SO ORDERED.

Dated: _____

_____
RONALD M. WHYTE
United States District Judge

Order Denying Motion for Appt. of Counsel; Motion for Reconsideration
P:\PRO-SE\RMW\CR.12\Starr400deny-atty-recon.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SHANNON LEE STARR,

        Plaintiff,

  v.

ALAMEDA COUNTY JAIL et al,

        Defendant.

Case Number: CV12-04400 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 26, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shannon Lee Starr ALJ 123/2-F-8
Alameda County Santa Rita Jail
5325 Broder Boulevard
Dublin, CA 94568

Dated: March 26, 2014

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk