IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON LEE STARR,<br><br>          Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY JAIL, et al.,<br><br>          Defendants. | No. C 12-4400 RMW (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(Docket No. 31) |

Plaintiff, a detainee pending involuntary civil commitment, proceeding pro se, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. The court dismissed several claims without prejudice and served plaintiff's claims that defendants Alameda County, Sheriff Ahern, Dr. Michael Pompey, Dr. Orr, Dr. Barber, Dr. Chan, Dr. Gabaron, Dr. Elizabeth Mastroianni, Dr. Lane Melgarejo, and Dr. Newell, violated plaintiff's Fourteenth Amendment right to be free from punishment. Plaintiff's claim is generally based upon defendants' actions and inactions regarding plaintiff's medical care.

Plaintiff has also filed an "order to show cause for preliminay [sic] injunction and temporary restraining order," which the court construes as a motion for a preliminary injunction. In the motion, plaintiff requests that the court enjoin Deputy R. Galvez, Deputy J. Malizia, Deputy H. Riley, Technician McNeal, Technician W. Bergren and "all other named and unnamed custody defendants employed with the Alameda County Sheriff's Department" from

1   committing physical assault and battery against plaintiff, repeatedly ransacking plaintiff's cell,
2   and illegally confiscating and destroying his property.  Plaintiff also requests that those
3   individuals refrain from retaliating against plaintiff.  Plaintiff described that on October 13,
4   2013, Deputies Galvez and Malizia removed plaintiff from his cell while they ransacked his cell
5   and destroyed plaintiff's personal and legal property.  As they escorted plaintiff back to his cell,
6   Deputy Malizia hit plaintiff in his right shoulder.  The following day, plaintiff attempted several
7   times to file grievances, but Deputy Riley refused to process them.

8          The decision of whether to grant or deny a motion for preliminary injunction is a matter
9   of the district court's discretion.  <u>Am. Trucking Ass'ns, Inc. v. City of Los Angeles</u>, 559 F.3d
10  1046, 1052 (9th Cir. 2009).  Under the traditional test for granting preliminary injunctive relief, a
11  plaintiff must: (1) establish a strong likelihood of success on the merits; (2) show the possibility
12  of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of
13  hardships favoring the plaintiff; and (4) show that granting the injunction favors the public
14  interest.  <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009).  As a corollary to this
15  test, the Ninth Circuit has also found a preliminary injunction appropriate if "serious questions
16  going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's
17  favor," thereby allowing preservation of the status quo where complex legal questions require
18  further inspection or deliberation.  <u>Alliance for the Wild Rockies v. Cottrell</u>, 622 F.3d 1045, 1049
19  (9th Cir. 2010).

20         It appears that plaintiff is seeking to expand his causes of action by using the request for
21  preliminary injunctive relief as a means to litigate additional claims unrelated to that set forth in
22  his complaint.  However, plaintiff cannot seek relief related to events occurring after the filing of
23  the instant lawsuit and which are not related to the incident at issue, nor can he seek relief
24  against non-parties.  The purpose of a preliminary injunction is to preserve the relative positions
25  of the parties until a trial on the merits can be held.  <u>University of Texas v. Camenisch</u>, 451 U.S.
26  390, 395 (1981).  Here, plaintiff's request for preliminary injunctive relief does not accomplish
27  that goal with respect to the subject matter of this action.  To the extent that plaintiff believes he
28  may be in need of, and legally entitled to, the relief from the alleged "actions set forth" in his

Order Denying Plaintiff's Motion for a Preliminary Injunction
P:\PRO-SE\RMW\CR.12\Starr400denpi.wpd            2

1  motions for a preliminary injunction, plaintiff must first exhaust his administrative remedies for

2  the new claims and then, if appropriate, bring a new federal action.

3       Accordingly, the request for preliminary injunctive relief is DENIED.

4      IT IS SO ORDERED.

5  DATED: _____

*Ronald M. Whyte* (signature)

6  RONALD M. WHYTE
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Plaintiff's Motion for a Preliminary Injunction
P:\PRO-SE\RMW\CR.12\Starr400denpi.wpd     3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SHANNON LEE STARR,

        Plaintiff,

  v.

ALAMEDA COUNTY JAIL et al,

        Defendant.

Case Number: CV12-04400 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 30, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shannon Lee Starr ALJ 123/2-F-8
Alameda County Santa Rita Jail
5325 Broder Boulevard
Dublin, CA 94568

Dated: September 30, 2014

                Richard W. Wieking, Clerk
                By: Jackie Lynn Garcia, Deputy Clerk