UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON LEE STARR,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA COUNTY JAIL, et al.,<br><br>Defendants. | Case No. 5:12-cv-04400-RMW<br><br>**ORDER REGARDING MOTION TO EXTEND TIME TO SERVE DEFENDANT CORIZON HEALTH, INC.**<br><br>Re: Dkt. No. 113 |

Plaintiff Shannon Lee Starr, a California state civil detainee, brought this civil rights case pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Fourteenth Amendment right to medical and dental care, among other things. Before the court is plaintiff's motion to extend the time to serve the summons and complaint in this matter on defendant Corizon Health, Inc. Dkt. No. 113. Defendant J. Barber, D.D.S., filed an opposition. Dkt. No. 115. At the hearing on the instant motion, the court tentatively indicated that it was inclined to deny plaintiff's motion. However, after further review of the record in this case and for the reasons explained below, the court will require additional briefing from the parties to assist the court in determining whether to allow plaintiff to pursue his claims against Corizon in this case.

**I.    BACKGROUND**

Plaintiff filed the operative Second Amended Complaint in this action on June 14, 2013.

Dkt. No. 22 ("SAC"). At the time, plaintiff was proceeding *pro se*. Among other things, the complaint alleges that approximately six months could pass between the time plaintiff requested dental services and the time plaintiff was seen by Dr. Barber. *See* SAC ¶ 21. Plaintiff also alleges that Dr. Barber denied him pain medication and antibiotics for abscesses. *Id.*

On October 23, 2013, this court found that most of the 33 defendants named in the complaint were improperly joined. Dkt. No. 28 (Order of Partial Dismissal). The court allowed plaintiff to proceed on a claim of deliberate indifference against defendants Alameda County, Sheriff Ahern, Dr. Michael Pompey; Dr. Orr; Dr. Barber, DDS; Dr. Chan, MD; Dr. Gabaron, MD; Dr. Elizabeth Mastroianni, MD; Dr. Lane Melgarejo, MD; and Dr. Newell, MD. *Id.* at 4. The court dismissed all of the other claims and defendants. *Id.* The court then ordered the clerk of the court to serve the complaint, waiver of service of summons, and related documents on the specific defendants listed above. *Id.* While Corizon was listed as a defendant in the Second Amended Complaint, this court's October 23, 2013 order did not specifically discuss Corizon by name.

The defendants who were served with the complaint moved for summary judgment, and on February 11, 2015, this court granted summary judgment in favor of all moving defendants except Dr. Barber. Dkt. No. 69. The court allowed plaintiff to proceed on his claims against Dr. Barber arising from alleged delays in providing him with dental treatment and failure to provide him with dental medication. *Id.* at 9-10. The court noted that defendants Pompey, Gabarow, and Mastroianni had not been served with the complaint because plaintiff had not provided current addresses for these individuals. The court further warned that because plaintiff's case had been pending for more than 120 days, absent good cause, plaintiff's claims against these defendants were subject to dismissal under Federal Rule of Civil Procedure 4(m):

> Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge."

*Id.* at 15 (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).

After an attempt at mediation was unsuccessful, Dkt. No. 102, the court appointed counsel

2
5:12-cv-04400-RMW
ORDER REGARDING MOTION TO EXTEND TIME TO SERVE DEFENDANT CORIZON HEALTH, INC.
RS

for plaintiff on April 13, 2016, Dkt. No. 105. Plaintiff, through his counsel, filed the instant motion to extend the time to serve Corizon on May 26, 2016, two days after the parties filed a joint case management statement. Dkt. No. 113. Dr. Barber filed an opposition on June 6, 2016. Dkt. No. 115. The court held a hearing on June 10, 2016.

## II. ANALYSIS

### A. Whether There Are Pending Claims Against Corizon

An initial question in analyzing plaintiff's motion is whether there are any claims pending against Corizon. A defendant need not be served with papers in a case if there are no longer any pending claims against that defendant. Plaintiff and Dr. Barber dispute whether this court's October 23, 2013 Order of Partial Dismissal extinguished plaintiff's claims against Corizon. Plaintiff argues that the court "appears to have inadvertently excluded Corizon from its order" directing service on the ten named defendants identified above. Dkt. No. 113 at 3. Dr. Barber argues that the court's dismissal of all defendants except for the defendants specifically identified above eliminated plaintiff's claims against Corizon as well. Dkt. No. 115 at 3.

The court's Order of Partial Dismissal states, in relevant part:

> Plaintiff's deliberate indifference claim names Alameda County, Sheriff Ahern, Dr. Michael Pompey; Dr. Orr; Dr. Chaplain Liu; Dr. Barber, DDS; Dr. Chan, MD; Dr. Gabaron, MD; Dr. Elizabeth Mastroianni, MD; Dr. Lane Melgarejo, MD; and Dr. Newell, MD. They are properly joined under Rule 20(a). To remedy the misjoined parties, *the court will dismiss the remaining claims and defendants*. *See* Fed. R. Civ. P. 21 (misjoined parties may be dropped by the court on its own initiative at any state of the action). The dismissal will be without prejudice to plaintiff filing a new and separate lawsuit raising the dismissed claims.

Dkt. No. 28 at 3-4 (emphasis added). The text of the court's order indicates that plaintiff's claims against *all* defendants not named above were dismissed. Corizon was not included in the list of defendants above, and so the court's Order of Partial Dismissal dismissed plaintiff's claims against Corizon as well. Because plaintiff has no pending claims against Corizon, a summons and complaint need not be served on Corizon at this time. Accordingly, plaintiff's motion for an extension of time to serve Corizon is denied without prejudice.

3
5:12-cv-04400-RMW
ORDER REGARDING MOTION TO EXTEND TIME TO SERVE DEFENDANT CORIZON HEALTH, INC.
RS

### B.     Motion for Leave to Amend to Add Corizon as a Defendant

While the analysis above might appear to dispose of plaintiff's motion, plaintiff is not simply arguing that the court's Order of Partial Dismissal did not dismiss the claims against Corizon; rather, plaintiff appears also to argue the court ***should not*** have dismissed the claims against Corizon. It is true that this court's Order of Partial Dismissal did not explicitly state that the complaint's allegations against Corizon failed to state a claim upon which relief may be granted.

Plaintiff cites two portions of the complaint containing allegations against Corizon. Paragraph 23 of the complaint states, in relevant part:

> Plaintiff was finally seen [by a dentist] on 6/4/12. This was after filing a grievance on 12/14/11, complaining that none of my medical and dental needs were being met at all. And that this was causing me physical, as well as mental and emotional pain. And in the response it was said that according to Corizon Health, the company that provides health care for the inmates here at Santa Rita, that I did "not have any dental abscess" and "therefore wouldn't be provided with antibiotics."

Dkt. No. 22 ¶ 23. Additionally, plaintiff cites Exhibit B of the complaint, an inmate grievance form dated July 23, 2010 that states, in relevant part: "Since I arrived here on 5/29/09, Prison Health Services[1] has continually disregarded and denied me the appropriate medical care and attention that I need." *Id.* Ex. B. The exhibit goes on to allege that plaintiff was denied morphine for his back pain, that he did not receive medication for a dental abscess, and that he received inadequate medication for his hypertension. *Id.*

The court finds that the cited portions of the complaint are largely conclusory and provide little explanation of how Corizon—as opposed to Dr. Barber or the other named defendants—was responsible for plaintiff's alleged injuries. In determining whether to dismiss a complaint, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

---

[1] According to plaintiff, Corizon was formerly known as Prison Health Services, Inc. Dkt. No. 113 at 1.

United States District Court
Northern District of California

(citation omitted). While Corizon employs Dr. Barber and is apparently financially responsible for her in this lawsuit,[2] it is not clear from plaintiff's papers why plaintiff believes that Corizon itself is liable to plaintiff. *Cf. Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978) (explaining that while established policies or customs can expose governmental actors to liability under § 1983, "a municipality cannot be held liable under § 1983 on a respondeat superior theory").

Nevertheless, the court acknowledges that plaintiff submitted his complaint *pro se* and that *pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Plaintiff also expressed concern that Dr. Barber may try to avoid responsibility by arguing that Corizon is responsible for any delays in plaintiff's dental treatment or that Corizon's policies required her to forego prescribing particular medications. *See* Dkt. No. 113 at 5. Plaintiff's concern, while hypothetical at this point, is understandable. Plaintiff also represented to the court that if plaintiff were allowed to pursue claims against Corizon, plaintiff would not improperly attempt to re-litigate medical issues that have already been decided on summary judgment. *See* Dkt. No. 112 at 2 (joint case management statement in which plaintiff stated: "Mr. Starr's dental care claims under 42 U.S.C. § 1983 are the only claims remaining in the case.").

Accordingly, the court declines to find at this time that plaintiff may not pursue any claims against Corizon. Instead, the court will interpret plaintiff's arguments as a motion for leave to amend the complaint to add Corizon as a defendant on plaintiff's existing claims of deliberate indifference to plaintiff's dental needs. Furthermore, the court will allow the parties to submit supplemental briefing.

"On motion or on its own, the court may at any time, on just terms, add or drop a party" Fed. R. Civ. P. 21. Under Federal Rule of Civil Procedure 15(a), after an initial period in which a party may amend its pleading as a matter of course has expired, amendment is permitted only with

---

[2] *See* Dkt. No. 87 at 2 (Barber's Motion to Excuse Personal Appearance at Settlement noting that Dr. Barber "would not contribute financially" and that "Corizon would fund any settlement").

the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." *Id.* Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these considerations, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms., Inc.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

By June 24, 2016, defendant shall file an opposition to plaintiff's motion for leave to amend, not to exceed 12 pages, addressing the questions below and any other points that defendant believes would assist the court in determining whether or not to allow plaintiff to pursue claims against Corizon in this action.

1. What elements must plaintiff establish to recover from Corizon on plaintiff's claims involving alleged dental injuries? For example, how, if at all, does the *Monell* standard apply to plaintiff's claims against Corizon?
2. How, if at all, do the allegations in plaintiff's complaint support a finding of liability against Corizon?[3]

By July 5, 2016, plaintiff shall file a response, not to exceed 12 pages. The court will notify the parties if it believes oral argument is necessary.

---

[3] Given the advanced stage of this litigation and the representation by plaintiff's counsel that plaintiff's dental care claims are the only claims remaining in the case, even if this court does ultimately decide to grant plaintiff leave to amend, the court will not allow plaintiff to assert new allegations against Corizon. At most, plaintiff will be allowed to clarify the existing factual allegations in the complaint.

### III. ORDER

For the reasons set forth above, plaintiff's motion to extend time to serve the complaint on Corizon is DENIED WITHOUT PREJUDICE. By June 24, 2016, defendant shall file an opposition to plaintiff's motion for leave to amend in accordance with this order, not to exceed 12 pages. By July 5, 2016, plaintiff shall file a response to defendant's submission, not to exceed 12 pages.

**IT IS SO ORDERED.**

Dated: June 14, 2016

_____
Ronald M. Whyte
United States District Judge