UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON LEE STARR,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY JAIL, et al.,<br><br>    Defendants. | Case No. 5:12-cv-04400-RMW<br><br>**ORDER GRANTING LEAVE TO AMEND TO ADD CORIZON HEALTH, INC. AS DEFENDANT**<br><br>Re: Dkt. No. 113 |

Plaintiff Shannon Lee Starr, a California state civil detainee, brought this civil rights case pursuant to 42 U.S.C. § 1983 alleging that defendants violated his Fourteenth Amendment right to adequate dental care, among other things. Plaintiff moves to amend his complaint to pursue claims against Corizon Health, Inc. ("Corizon"). Having considered the parties' submissions, the relevant law, and the record in this case, the court GRANTS plaintiff's motion.

**I.  BACKGROUND**

This court's June 14, 2016 order traces the relevant factual and procedural history of this case, and this order does not repeat that background information. Dkt. No. 118. As explained in the June 14, 2016 order, plaintiff named Corizon as a defendant in his Second Amended Complaint, but the claims against Corizon were dismissed without a substantive discussion of why plaintiff failed to state a claim against Corizon. *See* Dkt. No. 28 at 3-4. The operative complaint was filed while plaintiff was *pro se*. Dkt. No. 22. The court subsequently appointed counsel for

1

1  plaintiff, and plaintiff's attorneys moved to extend the time to serve Corizon with the complaint.
2  Dkt. No. 113. In light of the prior dismissal order, the court construed plaintiff's motion for
3  additional time as a motion for leave to amend the complaint to allow plaintiff to pursue claims
4  that Corizon was deliberately indifferent to plaintiff's dental needs. Dkt. No. 118 at 5. The court
5  ordered supplemental briefing, *id.* at 6, which plaintiff and defendant Janice Barber, D.D.S.
6  provided, Dkt. Nos. 119, 122.

**II.   ANALYSIS**

"On motion or on its own, the court may at any time, on just terms, add or drop a party" Fed. R. Civ. P. 21. Under Federal Rule of Civil Procedure 15(a), after an initial period in which a party may amend its pleading as a matter of course has expired, amendment is permitted only with the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." *Id.* Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms., Inc.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

Barber presents no substantive basis to argue that plaintiff's proposed amendment is brought in bad faith. Thus, the court first examines whether plaintiff has stated a basis for a claim against Corizon—that is, whether amendment would be futile—and then examines whether allowing an amendment would be justified in light of the delay in bringing Corizon into the case and the potential prejudice to defendants.

**A.   Futility of Amendment**

Plaintiff and defendant Barber appear to agree that to prevail on a claim against Corizon under Section 1983, plaintiff must show that (1) Corizon "acted under color of state law, and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom" of

Corizon. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). In *Tsao*, the Ninth Circuit applied the Supreme Court's test for municipal liability from *Monell v. Department of Social Services*, 436 U.S. 658 (1978) to a case involving claims of illegal detention by the defendant's private security guard. The *Tsao* court found "no basis in the reasoning underlying *Monell* to distinguish between municipalities and private entities acting under color of state law." *Id.* Thus, the holdings of *Monell* and its progeny apply to Corizon. "To establish that there is a policy based on a failure to preserve constitutional rights, a plaintiff must show, in addition to a constitutional violation, that this policy amounts to deliberate indifference to the plaintiff's constitutional right." *Id.* at 1143 (internal quotation marks and citation omitted). With respect to the causation requirement, "it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the [entity]. The plaintiff must also demonstrate that, through its deliberate conduct, the [entity] was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997).

In the instant case, plaintiff argues that Corizon caused plaintiff to experience excessive delays in receiving dental treatment. Paragraph 23 of the complaint states, in relevant part:

> Plaintiff was finally seen [by a dentist] on 6/4/12. This was after filing a grievance on 12/14/11, complaining that none of my medical and dental needs were being met at all. And that this was causing me physical, as well as mental and emotional pain. And in the response it was said that according to Corizon Health, the company that provides health care for the inmates here at Santa Rita, that I did "not have any dental abscess" and "therefore wouldn't be provided with antibiotics."

Dkt. No. 22 ¶ 23. Plaintiff also alleges in a footnote in the complaint:

> It has taken Plaintiff a minimum of 6 months or more see the dentist. Seeing as though Santa Rita only has 1 dentist and assistant for, an average, 5 thousand inmates, Plaintiff can see why. What Plaintiff can't see, is why Santa Rita only has 1 dentist, when the clinic is designed for 2 dentists. Having a second dentist, would, theoretically, cut the amount of time <u>in pain waiting</u>, in half.

*Id.* ¶ 25. Plaintiff argues that Corizon's policies are responsible for understaffing that resulted in the alleged chronic delays in treatment.

The court finds plaintiff's allegations sufficient to state a claim for deliberate indifference

against Corizon. While the complaint does not explicitly allege that Corizon, as opposed to someone else, was responsible for dental staffing decisions, the court finds such an inference plausible based on plaintiff's allegations. Moreover, plaintiff cites case law suggesting that medical understaffing at a prison can provide grounds for Section 1983 claim. *See Graves v. Arpaio,* No. CV-77-0479-PHX-NVW, 2008 WL 4699770, at *9 (D. Ariz. Oct. 22, 2008) ("a district court may infer a policy of deliberate indifference from evidence of medical understaffing") (citing *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1461 (9th Cir. 1988), *vacated and remanded*, 490 U.S. 1087 (1989), *reinstated*, 886 F.2d 235 (9th Cir.1989)); *see also Fletcher v. Corizon, LLC*, No. 1:14-cv-00532-CWD, 2015 WL 7451164, at *1 (D. Idaho Nov. 23, 2015) (noting in dicta that upon initial review, the plaintiff's complaint "sufficiently stated colorable Eighth Amendment claims" against Corizon "based on alleged understaffing with respect to dental services.").

Plaintiff also notes that during the summary judgment phase of this case, the Alameda County Sheriff's Department submitted evidence suggesting that Corizon was responsible for staffing decisions. *See* Dkt. No. 54-2 (Vandagriff Decl.) ¶ 4 ("All health care services, including medical, dental, and mental health services, are delivered under the control of the contracted medical health provider . . . ."); *id.* ¶ 5 ("Medical care for inmates at Santa Rita is provided by Corizon Health pursuant to a contractual agreement with Alameda County."); *id.* Ex. A, Policy and Procedure No. 13.01, § III.J ("Contract medical providers . . . will systematically determine health care personnel requirements in order to provide all inmates access to health care staff and services.").

The court concludes that plaintiff has stated a plausible claim against Corizon and that granting leave to amend would not be futile.

### B. Undue Delay and Prejudice

Defendant Barber argues that plaintiff unduly delayed pursuing his claims against Corizon for two and a half years. The Ninth Circuit has held that "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The

delay in pursing plaintiff's claims against Corizon is unfortunate, but the court notes that plaintiff was *pro se* throughout most of this case. The court cannot say that plaintiff's counsel unduly delayed in pursuing claims against Corizon after they were appointed.

Defendant also argues that allowing an amendment would cause Barber (and likely Corizon) considerable prejudice. Barber argues that allowing an amendment will complicate discovery and force counsel to re-review a voluminous file. Defendant also argues that the passage of time will make it harder to defend claims against Corizon because witnesses may have become unavailable and their memories may have faded. However, because plaintiff's claims against Corizon will be limited to claims of inadequate dental care, the court expects that most of the discovery that plaintiff would seek against Corizon would overlap with that sought against Barber. The only separate theory that plaintiff has presented against Corizon—and thus the only potentially new area of discovery—seems to involve alleged understaffing. If witness availability and memory are an issue, they are equally an issue for the claims against Barber.

Barber also argues that in this case, because the deadline for summary judgment has passed, Corizon will be prejudiced because it will be unable to have the court evaluate plaintiff's claims against Corizon as a matter of law before trial. This argument is well taken. However, to the extent that the parties believe that an additional round of summary judgment would assist with the efficient resolution of plaintiff's claims against Corizon, the parties can file a motion to amend this court's August 14, 2016 case management order, Dkt. No. 128.

## III. ORDER

For the reasons set forth above, plaintiff's motion to amend his complaint to add Corizon as a defendant is GRANTED. Plaintiff shall file his amended complaint within 14 days of the date of this order and serve Barber and Corizon with the amended complaint within 7 days after filing.

**IT IS SO ORDERED.**

Dated: October 24, 2016

_____
Ronald M. Whyte
United States District Judge

5
5:12-cv-04400-RMW
ORDER GRANTING LEAVE TO AMEND TO ADD CORIZON HEALTH, INC. AS DEFENDANT
RS