UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON LEE STARR,<br><br>Plaintiff,<br><br>v.<br><br>CORIZON HEALTH, INC., et al.,<br><br>Defendants. | Case No. 12-cv-04400-EMC<br><br>**ORDER DENYING *EX PARTE* APPLICATIONS REGARDING HEALTH CARE**<br><br>Docket Nos. 155, 157 |

Plaintiff filed this action under 42 U.S.C. § 1983 complaining about dental care at the Alameda County Jail. He currently is represented by counsel and, according to minutes in the Court's docket, the action was settled last week. The Court has received two recent *ex parte* applications filed by Plaintiff *pro se*, rather than filed by his appointed attorneys. In his two *ex parte* applications, Plaintiff seeks relief for his hernia and related pain. He appears to want an order for physicians to provide care for the hernia and/or for physicians to comply with a state court order regarding the hernia treatment.

The requested relief is outside the scope of this action and unrelated to the dental care at issue in this action. *See* Docket No. 112. Additionally, when a plaintiff is represented by counsel, he should not be filing *pro se* documents with the Court. *See United States v. Mujahid*, 799 F.3d 1228, 1236 (9th Cir. 2015) (district court acted within its discretion in declining to grant request made *pro se* by a litigant who was then represented by counsel); *McCullough v. Graber*, 726 F.3d 1057, 1059 n.1 (9th Cir. 2013) (declining to consider *pro se* letters from habeas petitioner because he was represented by counsel); *Rosenblum v. Campbell*, 370 F. App'x 782 (9th Cir. 2010) (denying petitioner's motion for leave to file a *pro se* supplemental brief; "[b]ecause [petitioner] is represented by counsel, only counsel may submit filings.") For these reasons, the *ex parte*

applications for an order for physician to provide care or comply with a state court order are **DENIED**.  (Docket Nos. 155 and 157.)

If Mr. Starr is concerned that jail staff are not complying with a state court order, he should address his comments and concerns to the state court that issued the order, as that court is in the best position to make sure its order is followed.

If Mr. Starr wants to complain about the conditions of confinement at the county jail, he may file a new civil rights complaint under 42 U.S.C. § 1983.  He should use the Court's civil rights complaint form and pay the filing fee or submit a completed *in forma pauperis* application at the time he files his complaint.  The Clerk will mail him two copies of those forms for his convenience.

**IT IS SO ORDERED**.

Dated: December 16, 2016

_____
EDWARD M. CHEN
United States District Judge